## McClure vs. McKee.

### ERROR TO ROCKCASTLE CIRCUIT.

The obligation of one, though entered into of record for a non-resident plaintiff for the payment of the costs of the suit, is but the obligation of a surety, from which he is released after the lapse of seven years without suit, according to the provisions of the act of 1838.

McCLURE
vs.
McKEE.

December 17.
Case stated.

Judge CRENSHAW delivered the opinion of the court.

In an action of ejectment brought by McGavock's heirs against McClure, in the year 1841, the court, at its June term in the same year, being satisfied that the plaintiffs were non-residents, ordered them to give security for costs on the calling of the cause at the next term. And, at the succeeding term, in compliance with the order, G. R. McKee acknowledged himself, on record, indebted to the defendant and the officers of the court in the sum of $100, to be void upon condition that McKee should pay the defendant and the officers of court all costs which had, or might accrue to them in the prosecution of the suit.

The action of ejectment was determined in favor of the defendant therein, on the 10th day of March, 1845, and judgment for costs was given against the plaintiffs. The costs never having been paid, the defendant, on the 8th day of January, 1853, sued out a *scire facias* to have execution upon the recognizance of McKee, entered into upon record as above mentioned.

McKee appeared and pleaded to the *scire facias*, that he entered into said recognizance as surety for the McGavocks, and that more than seven years had elapsed since the final disposition of the action of ejectment before the suing out of the *scire facias*. This plea was traversed, and an issue was formed upon its averments. The law and facts being submitted to the court, judgment was given for the defendant.

Seven years having transpired after the termination of the action of ejectment, the only question is, whether McKee, in judgment of law, was surety merely, or whether he is to be regarded in the light of a principal, and, if a surety, and not a principal, whether his undertaking upon record constitutes an obligation or judgment, embraced by the 1st section of an act of 1838, 3 *Statute Law*, 558, upon the subject of sureties and principals.

The obligation of one, tho' entered into of

We think there is no doubt, but that, in estimation of law, the recognizance of McKee should be regard-

ed as a bond of record for payment of costs. And we are also of opinion that his undertaking must be regarded as having been entered into as surety and not as principal, notwithstanding the recognizance, itself, does not denominate McKee as surety, but, in terms, appears to be an independent obligation. But, it is manifest that the recognizance was entered into in compliance with the order of court in the action of ejectment, that the plaintiffs in that action should give surety for costs, and the undertaking was substantially *for* them, and as their surety, although not so in terms. We think there can be no doubt, that had McKee paid the costs, the McGavocks, the plaintiffs in the action of ejectment, would have been responsible to him upon the ground of his suretyship. If an ordinary bond for costs had been prepared and signed by McKee alone, under a like order of court, it would have been good without the signature of the McGavocks, and had McKee discharged it by the payment of the costs, there can be no question of their responsibility to him as surety, whether he was so denominated in the bond or not. And there is no substantial difference between the undertaking in the present case, and the obligation imposed by such a bond. We think, therefore, that the act of 1838 embraces this case.

We think the analogy in principle between this case and that of *Short v. Bryant*, 10 *B. Monroe*, 10, insisted on in the argument of counsel, does not exist. In that case, Short was regarded as the principal in the undertaking, and the only obligor, Withers, who was apparently bound with him, being an infant, and on that ground exonerated. The apparent contract of Withers, he having been discharged upon the ground of infancy, amounted to no contract at all, and Short was the only one bound, and, upon payment, could not hold Withers responsible to him as surety. But, in this case, the McGavocks are bound for the costs, are subject to execution therefor, and if paid by McKee would be held responsible to him as surety.

McCLURE.
vs.
McKEE.

record for a non-resident plaintiff for the payment of the costs of the suit, is but the obligation of a surety, from which he is released after the lapse of seven years without suit, according to the provisions of the act of 1838.

NAZ. LIT. AND
BENEV. INST.
*vs.*
COMMONWEALTH
They are the principle debtors, and McKee is only their surety. In the case of Short and Bryant, Withers having been exonerated on the ground of infancy, Short was the principal and only obligor. But, even in that case, the court came to its conclusion not without doubt and difficulty; and we would not extend it to embrace a case essentially different.

·Judgment affirmed.

BURTON for plaintiff; DUNLAP for defendant.